UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QAISAR KHAN, <br> an individual, <br><br> Plaintiff, <br><br> vs. <br><br> HOA RESTAURANT HOLDER, LLC, <br> a Delaware Limited Liability Company, <br><br> Defendant. <br> _____ / | ) <br> ) <br> ) CASE NO.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, QAISAR KHAN, through his undersigned counsel, hereby files this Complaint and sues HOA RESTAURANT HOLDER, LLC, a Delaware Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.4, Local Rules of the United States District Court for the Middle District of Georgia.

3. Plaintiff, QAISAR KHAN, (hereinafter referred to as "MR. KHAN"), is a resident of Pasco County, Florida. However, Plaintiff frequently travels to the Macon/Warner Robbins area several times a year to visit close family members who reside there.

4. QAISAR KHAN is a qualified individual with a disability under the ADA and

1

Florida Statutes. In 2003, MR. KHAN suffered a severe injury to his back resulting in trauma to his T4 and T5 vertebrae. As a result, he is paralyzed from the waist down.

5. MR. KHAN's disability, at all times material hereto, impairs his ability to walk and stand, major life activities, and requires him to use a wheelchair to ambulate.

6. Defendant, HOA RESTAURANT HOLDER, LLC, a Delaware Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, defendant is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, Hooters, located at 112 Riverside Parkway, Macon, Georgia 31210.

7. All events giving rise to this lawsuit occurred in the Middle District of Georgia, Bibb County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a restaurant, is open to the public and provides goods and services to the public.

10. MR. KHAN has visited the Property and attempted to utilize the facilities offered at the Property.

11. While at the Property, MR. KHAN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MR. KHAN continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MR. KHAN plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the existing barriers to access, MR. KHAN would visit the Property more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which Plaintiff personally encountered and which hindered his access to the Property:

    A.    Plaintiff encountered inaccessible parking spaces designated for disabled use at the Property due to a lack of full access aisles and inadequately narrow dimensions of the disabled use parking spaces. These issues caused Plaintiff difficulty when transferring into and out of his vehicle and exposed him to an increased risk from vehicular traffic within the parking lot.

    B.    Plaintiff encountered inaccessible parking spaces designated for disabled use at the Property due to slopes well in excess of 1:48. This issue caused Plaintiff difficulty when transferring into and out of his vehicle and exposed him to an increased risk from vehicular traffic within the parking lot.

    C.    Plaintiff encountered inaccessible parking spaces designated for disabled use at the Property due to a failure to provide signage at all disabled use parking spaces. This issue caused confusion and difficulty in finding accessible parking at the Property.

    D.    Plaintiff encountered an inaccessible ramp at the front entry of the Property due to excessive slopes and a failure to provide accessible handrails on both sides of the ramp. This issue caused Plaintiff difficulty in maneuvering from

the parking lot to the entrance of the restaurant.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against NORTHGATE VILLAGE PARTNERS, LLC, and requests the following injunctive and declaratory relief:

   A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

   B. That the Court enter an Order directing Defendant to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

   C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to

undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

February 7, 2019

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512


By: */s/ John A. Moore*
John A. Moore, Esq.
Georgia Bar No.: 519792
Of Counsel
The Moore Law Group, LLC
1745 Martin Luther King Jr., Drive
Atlanta, GA 30314
Tel.: (678) 288-5601
Fax: (888) 553-0071
Email: jmoore@moorelawllc.com
Attorney for Plaintiff